IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY BURNS, et al.      :   CIVIL ACTION
                      :   NO. 14-2134
        Plaintiffs,    :
   v.                 :
                      :
TROY STRATOS, et al.,     :
                      :
        Defendants.    :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.           January 24, 2022

### Table of Contents

I. **INTRODUCTION** ............................................... 1

II. **BACKGROUND** ............................................... 2

III. **LEGAL STANDARD** .......................................... 9

IV. **DISCUSSION** ............................................. 10

  A. **Choice of Law** ......................................... 10

  B. **Venable's Motion to Dismiss** .......................... 14

    1. Recoverable Damages .................................. 14

    2. In Pari Delicto ...................................... 21

    3. Leave to Amend ....................................... 22

  C. **Stratos' Motions to Dismiss** .......................... 23

V. **CONCLUSION** .............................................. 23

## I.   INTRODUCTION

Plaintiffs Timothy Burns, ESG Capital Partners GP, LLC and ESG Capital Partners GP, Inc. (collectively "Plaintiffs") bring this action against Defendants Venable LLP, David Meyer

(hereinafter referred to collectively as "Venable"), and Troy Stratos[1] (collectively "Defendants").

Before the Court are motions to dismiss Plaintiffs' Amended Complaint filed by Venable and Stratos. For the reasons enumerated below, the Court will grant the motion to dismiss filed by Venable. Plaintiffs' claims for fraud (Count I), negligent misrepresentation (Count II), breach of fiduciary duty (Count IV), conspiracy (Count V), unfair competition (Count VI), and aiding and abetting (Count VII) will be dismissed with prejudice. The motion to dismiss filed by Stratos will also be granted for the same reasons as the motion to dismiss filed by Venable, except as to Plaintiffs' breach of contract claim against Stratos (Count III), which survives. While Meyer did not file an independent motion to dismiss, he joined the motion to dismiss filed by Venable, and therefore all claims against Meyer will be dismissed for the same reasons as the claims against Venable.

## II. BACKGROUND

Burns is a former investment advisor. He and Stratos, who the Amended Complaint describes as a "fraud expert,"[2] Am. Compl.

---

[1]     According to the Amended Complaint, at all times relevant to this litigation, Stratos operated under the alias "Ken Dennis."

[2]     Stratos was arrested on December 20, 2011 and held on unrelated federal charges stemming from misappropriation of funds belonging to Nicole Murphy, former spouse of celebrity actor Eddie Murphy, and has been serving a prison sentence during most of the time this litigation has been pending.

¶ 2, ECF No. 111, agreed to a transaction in which Burns' clients would purchase forty million pre-IPO shares of Facebook from Stratos (the "Facebook Transaction"). To carry out the transaction, Burns formed ESG Capital Partners ("ESG") which was capitalized with $13 million of his clients' funds. With their investments into ESG, Burns' clients became limited partners of ESG. In addition to Burns' clients' funds, the Amended Complaint alleges for the first time that Burns personally invested "approximately $90,000" into ESG. Am. Compl. ¶ 13. The Amended Complaint does not specify when Burns made this personal investment.

Venable is a national law firm who, through Meyer, one of its partners, represented Stratos in the transaction. After months of negotiations during which Stratos and Meyer allegedly confirmed to Burns that Stratos would be able to obtain the shares, Burns sent three wire transfers to Venable totaling $11.25 million dollars. The funds were later released to Stratos. The final transfer was made on August 12, 2011. Despite Burns transferring the funds, the transaction was never completed because Stratos kept the money for himself and never delivered the promised shares to Burns.

On December 21, 2011, Burns contacted Meyer to express concern about not hearing from Stratos regarding the deal. The next day, Burns threatened Meyer and Stratos with legal action

3

if the Facebook shares were not procured or the funds not returned, expressly stating in an email: "This is your final notice to contact me before we file a lawsuit and contact the authorities." Am. Compl. ¶ 173, ECF No. 111.

On June 19, 2013, Burns was indicted for conduct related to the Facebook Transaction and later pled guilty to committing wire fraud, mail fraud, and making a false statement to a financial institution. Compl. ¶ 181, ECF No. 1. According to the Government's Guilty Plea Memorandum, which is attached to Venable's motion as Exhibit D, Burns committed the following acts in connection with the scheme alleged here:

(a) Misleading his investors to believe that he was buying stock directly from Facebook shareholders rather than through an intermediary (Stratos);

(b) stealing money from a different fund (called ESG Capital Partners II) to use for personal expenses, and planning to replace the stolen funds with the proceeds from the Facebook transaction;

(c) failing to disclose that ESG's investors' funds were misappropriated by Stratos and continuing to allow them to believe that he had purchased Facebook shares on their behalf; and

(d) making false representations to a bank regarding the outcome of the Facebook transaction in order to secure a loan.

Venable Opp. Ex. D., ECF No. 122-5. Burns was sentenced to 60 months in prison, ordered to pay restitution of $11,038,923.60.

On December 23, 2013, Burns filed this action in Pennsylvania state court against Defendants Stratos, Venable, and Meyer. On April 11, 2014, Venable removed the case to this

4

Court on the basis of diversity jurisdiction.[3] The initial
Complaint brought the following eight counts: (I) fraud (against
all defendants), (II) negligent misrepresentation (against Meyer
and Venable), (III) breach of contract (against Stratos), (IV)
conversion (against all defendants), (V) breach of fiduciary
duty (against Meyer and Venable), (VI) conspiracy (against all
defendants), (VII) unfair competition (against all defendants),
and (VIII) aiding and abetting (against Meyer and Venable).

Venable filed a motion to transfer venue (ECF No. 14) to
the Central District of California, arguing that transfer of
venue was proper because another case with the same allegations
had been filed there first. Burns opposed the motion, arguing in
part that Pennsylvania law should apply to the action. The case
ultimately remained with this Court and was placed in suspense
pending the result of the California action. The California
action eventually settled after the Central District of
California's dismissal of the complaint was reversed in part by
the Ninth Circuit. See ESG Capital Partners, LP v. Stratos, 828
F.3d 1023 (9th Cir. 2016). Upon the termination of the related

---

[3]     Burns is a resident and citizen of Pennsylvania. ESG Capital Partners
GP, LLC is a Delaware limited liability company with a principal place of
business in Pennsylvania. ESG Capital Partners GP, Inc. is a Delaware
corporation with a principal place of business in Pennsylvania. Venable is a
Limited Liability Partnership formed under the laws of Maryland. Stratos and
Meyer are both residents and citizens of California. As the parties are
diverse and the amount in controversy exceeds $75,000, exclusive of interest
and costs, this Court has jurisdiction over this matter pursuant to 28 U.S.C.
§ 1332.

California action, the case was returned to this Court's active docket in February 2017.

After Venable filed a motion to dismiss the original Complaint, this Court dismissed all of Burns' claims against Venable with prejudice. In dismissing Burns' claims for conversion and breach of fiduciary duty, the Court found that Burns did not initially "allege that any of <u>his</u> property was converted or any duty to <u>him</u> was breached." Order on Mot. Dismiss, ECF No. 57 (emphasis in original). The Court dismissed his remaining claims for fraud, negligent misrepresentation, conspiracy, unfair competition, and aiding and abetting because the complaint alleged only "expectation" or "benefit of the bargain" damages, which are not recoverable for these claims under Pennsylvania law. <u>Id.</u>

Burns timely filed a motion for reconsideration of the Court's order dismissing his claims against Venable and Meyer. Because Burns' counsel had since withdrawn from the case, Burns' motion was filed pro se. In his motion, Burns first noted that his prior counsel had stopped representing him over a year prior, but had failed to notify the Court. Burns also stated that, if permitted to amend his complaint, he would correct the problem with his first complaint by adding an allegation that he personally invested approximately $90,000 into ESG in November 2012. Burns finally argued that the Ninth Circuit's opinion in

the related California action established grounds for reconsideration of this Court's dismissal of his claims against Venable and Meyer. The Court found that none of these arguments raised legitimate grounds for reconsideration and denied Burns' motion.

After Burns' claims against Venable and Meyer were dismissed, Stratos, who at the time was in federal custody and did not file a motion to dismiss, remained as the sole defendant subject to Burns' Count III claim for breach of contract. To allow Burns to appeal the Court's decision on Venable's motion to dismiss, Burns moved to voluntarily dismiss his remaining claim and Stratos as a defendant. On May 9, 2018, this Court granted Burns' motion and entered final judgment in the case (ECF No. 78).

On appeal, the Third Circuit vacated this Court's order dismissing Burns' claims against Venable and remanded the case. Rather than reaching the merits, however, the Third Circuit found that this Court abused its discretion by (1) failing to inquire further into Burns' notice that his prior counsel had ceased to represent him without notifying the Court; and (2) refusing to allow him to file a pro se amended complaint. The case was remanded and Burns obtained new counsel.

On April 9, 2021, Burns, now represented by new counsel, filed an Amended Complaint against Venable and Stratos along

with new plaintiff entities ESG Capital Partners GP, LLC ("GP One") and ESG Capital Partners GP, Inc. ("GP Two"), who were general partners of ESG.

The Amended Complaint brings seven counts: (I) fraud (against all defendants), (II) negligent misrepresentation (against Meyer and Venable), (III) breach of contract (against Stratos), (IV) breach of fiduciary duty (against Meyer and Venable), (V) conspiracy (against all defendants), (VI) unfair competition (against all defendants); and (VII) aiding and abetting (against Meyer and Venable).

The material differences between the initial Complaint and the Amended Complaint are that it omits Burns' conversion claim, it adds two plaintiffs (GP one and GP two), it purports to apply California law to the action, and it alleges for the first time that Burns invested approximately $90,000 of his own funds into ESG.

There are currently three motions to dismiss pending: (1) a motion to dismiss the case as frivolous by Stratos (ECF No. 121); (2) a motion to dismiss filed by Venable (ECF No. 122); and (3) a motion to dismiss under Rule 12(b)(6) filed by Stratos (ECF No. 124).

As explained below, Plaintiffs again fail to plead any recoverable damages for any of their claims against Defendants Venable or Meyer. As such, the Court will again grant Venable's

motion to dismiss and dismiss Plaintiffs' claims for fraud
(Count I), negligent misrepresentation (Count II), breach of
fiduciary duty (Count IV), conspiracy (Count V), unfair
competition (Count VI), and aiding and abetting (Count VII).
Because amendment seems futile with respect to these claims, and
Plaintiffs have already had an opportunity to amend, the claims
will be dismissed with prejudice.

## III. LEGAL STANDARD

A party may move to dismiss a complaint for failure to
state a claim upon which relief can be granted. Fed. R. Civ. P.
12(b)(6). When considering such a motion, the Court must "accept
as true all allegations in the complaint and all reasonable
inferences that can be drawn therefrom, and view them in the
light most favorable to the non-moving party." DeBenedictis v.
Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (quoting
Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.
1989)).

To withstand a motion to dismiss, the complaint's
"[f]actual allegations must be enough to raise a right to relief
above the speculative level." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 555 (2007). This "requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Id. Although a plaintiff is
entitled to all reasonable inferences from the facts alleged, a

plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. DISCUSSION

### A.   Choice of Law

As an initial matter, the parties disagree over which state's law should apply. It was Burns' initial position that Pennsylvania law should apply to the action, see ECF Nos. 1, 22,

and the parties and the Court have applied Pennsylvania
substantive law to the case from the outset. But the Amended
Complaint purports to apply California law, and omits nearly all
references to the fact that Burns' offices, to which the
transactions were directed, were located in Pennsylvania.
Venable argues that the Court should continue to apply
Pennsylvania law to this action based on a choice of law
analysis. In the alternative, Venable argues that Burns is
judicially estopped from now attempting to apply California law
to this action. Because there is no more than a "false conflict"
between the two forums with respect to the issues in this case,
as explained below, the Court will continue to apply
Pennsylvania law.

A federal court exercising diversity jurisdiction must
apply the choice of law rules of the forum state, which here is
Pennsylvania. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78
(1938); Garcia v. Plaza Oldsmobile Ltd., 421 F.3d 216, 219 (3d
Cir. 2005); Echols v. Pelullo, 377 F.3d 272, 275 (3d Cir.2004)
(citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487,
497 (1941)). Pennsylvania courts apply an interests/contacts
approach to choice-of-law issues. See Coram Healthcare Corp. v.
Aetna U.S. Healthcare, Inc., 94 F.Supp.2d 589, 594 (E.D. Pa.
1999) ("Pennsylvania has adopted a 'flexible rule which permits
analysis of the policies and interests underlying the particular

issue before the court.'") (quoting <u>Griffith v. United Air Lines, Inc.</u>, 203 A.2d 796, 805 (1964)).

First, the court must determine whether the states' laws are actually in conflict. <u>Hammersmith v. TIG Ins. Co.</u>, 480 F.3d 220, 229–230 (3d Cir.2007). "According to conflicts of laws principles, where the laws of the two jurisdictions would produce the same result on the particular issue presented, there is a 'false conflict,' and the Court should avoid the choice-of-law question." <u>Berg Chilling Sys., Inc. v. Hull Corp.</u>, 435 F.3d 455, 462 (3d Cir.2006).

Plaintiffs allege that a conflict exists between Pennsylvania and California law regarding the types of damages that Plaintiffs may recover. As found in the Court's first order dismissing Burns' claims, and conceded by Plaintiffs, Pennsylvania law does not allow for the recovery of expectation damages in tort. <u>See</u> Order on Mot. Dismiss, ECF No. 57; Pl's Resp. at 17, ECF No. 127. Plaintiffs argue that California law establishes a conflict on this point because it allows for benefit-of-the-bargain damages when the parties had a fiduciary or otherwise "special relationship." <u>See</u> <u>Moore v. Teed</u>, 261 Cal. Rptr. 3d 642, 653 (Ca. Ct. App. 2020) (allowing for benefit-of-the-bargain damages "when tort victims have been defrauded by their fiduciaries"); <u>J'Aire Corp. v. Gregory</u>, 24 Cal. 3d 799, 804 (Ca. 1979) (stating that a plaintiff may recover prospective

"economic advantage" damages when a "special relationship exists" such as between "intended beneficiaries of wills" and the "negligent prepar[er] of the will").

But Plaintiffs have not alleged that Venable and Meyer owed them fiduciary duties or that the parties had an otherwise "special relationship" as required for benefit-of-the-bargain damages under California law. Venable and Meyer represented Stratos, who was on the other side of the deal from Plaintiffs. And "it is well-settled that an attorney's only duty is to his or her own client," so an attorney owes no fiduciary duty to the opposing party. Dowd v. Walsh, No. 98-cv-5743, 1999 WL 619338, at *2 (E.D. Pa. Aug. 16, 1999).

Plaintiffs' only argument that Venable and Meyer owed them fiduciary duties is that the Ninth Circuit found that Meyer had a duty of disclosure in its opinion in the related case, ESG Capital Partners, LP v. Stratos, 828 F.3d 1023, 1034 (9th Cir. 2016). The Ninth Circuit's opinion does not help them, however, because it only discusses a duty of disclosure in connection with a Federal Securities Fraud Claim, not a fiduciary duty.

Because Plaintiffs have not sufficiently alleged that a fiduciary or special relationship exists between them and Venable or Meyer, benefit-of-the-bargain damages are not available to them under California law. And because they concede the benefit-of-the-bargain damages are also unavailable under

Pennsylvania law, the laws of both forums would produce the same result, so any difference is nothing more than a false conflict. As such, the Court need perform no further choice of law analysis, and "applies the law of Pennsylvania as it is the law of the forum in which the Court sits." Phoenix Lithographing Corp. v. Bind Rite Servs., Inc., 27 F. Supp. 3d 636, 640 (E.D. Pa. 2014).

### B. Venable's Motion to Dismiss

#### 1. Recoverable Damages

Plaintiffs have again failed to plead recoverable damages for all their claims against it. As Burns did in his initial Complaint, Plaintiffs request "expectation" or "benefit-of-the-bargain" damages for all their claims. But the law in Pennsylvania has not changed—benefit-of-the-bargain damages remain unavailable for fraud, negligent misrepresentation, unfair competition, aiding and abetting, conspiracy, and breach of fiduciary duty.[4] See Order on Mot. Dismiss, ECF No. 57 (citing Solarchick ex rel. Solarchick v. Metropolitan Life Ins. Co., 430 F. Supp. 2d 511, 514 (M.D. Pa. 2006) ("[E]xpectation damages . . . are not appropriate in a tort action."); Neuman v. Corn Exch. Nat'l Bank & Trust Co., 51 A.2d 759, 766 (Pa. 1947) ("In an

---

[4]     As discussed in the preceding section, even if Plaintiffs had alleged cognizable damages for the breach of fiduciary duty claim, they do not and cannot allege that Venable or Meyer owed them a fiduciary duty. See Dowd 1999 WL 619338, at *2 ("[I]t is well-settled that an attorney's only duty is to his or her own client.").

action for deceit or fraud in Pennsylvania, the plaintiff can recover only 'his actual loss' and not 'the value of his bargain.'" (quoting <u>Peters v. Stroudsburg Trust Co.</u>, 35 A.2d 341, 453 (1944)); <u>Torres v. Borzellaca</u>, 641 F. Supp. 542, 546 (E.D. Pa. 1986) (granting summary judgment on negligent misrepresentation claim brought solely for expectation damages because the Restatement of Torts § 522B, which applies to negligent misrepresentation actions in Pennsylvania, prohibits recovery of benefit-of-the-bargain damages); 73 Pa. Con. Stat. § 201-9.2(a) (stating that a person who "suffers any ascertainable loss of money or property" from a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law "may bring a private action to recover actual damages"). This alone is enough to completely foreclose the claims of Plaintiffs GP One and GP Two, as the Amended Complaint only seeks to recover benefit-of-the-bargain damages on their behalf. <u>See</u> Pl's Opp. Mot. Dismiss at 45, ECF No. 127 (stating that the Complaint seeks to recover "the lost fees and commissions that Defendants' fraud cost the GPs").

With respect to Burns, the Amended Complaint attempts to fix the lack of recoverable damages by adding the allegation that Burns invested "approximately $90,000 of his own funds" into the scheme. Am. Compl. at ¶ 13. However, this allegation

does not save Burns' claims for at least two independent reasons, as stated below.[5]

First, Burns has previously averred to the Court in his Motion for Reconsideration (ECF No. 60) that he invested his own funds in November 2012 when he purchased the limited partnership interests of certain individuals in ESG. Venable claims that this admission constitutes a "judicial admission," which dooms Burns' claims against it. This is so because if Burns' investment was made in November of 2012, it came after August 2011, when it is undisputed that Venable, through Meyer, ceased its involvement in the transactions at issue in this case.

"Judicial admissions are concessions in pleadings or briefs that bind the party who makes them." Berckeley Inv. Grp., Ltd. V. Colkitt, 455 F.3d 195, 211 n.20 (3d Cir. 2006). The Third Circuit has held that "judicial admissions are binding for the purpose of the case in which the admissions are made." Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir. 1972) (citation omitted). "The scope of judicial admissions is restricted to

---

[5]     In addition to the reasons stated below, Venable also argues that the allegation that Burns lost his personal investment is inadequately pleaded under Fed. R. Civ. P. 8 and 9(b) because the Amended Complaint does not offer any facts as to when or how the supposed investment was made. This is unpersuasive, however, because, as this Court recently found in another fraud action, "[a]s to the question of damages, the pleading requirement is minimal, as nominal damages are available as a remedy for fraud under Pennsylvania law." Servis One, Inc. v. OKS Grp., LLC, 528 F. Supp. 3d 359, 370 (E.D. Pa. 2021) (Robreno, J.) (citing Sands v. Forrest, 434 A.2d 122, 124 (1981)).

matters of fact which otherwise would require evidentiary proof." Id.

As Burns' admission that he invested approximately $90,000 into ESG in November 2012 was made in connection with his brief in support of his motion to alter or amend the judgment, it is a judicial admission that the Court may accept as an established fact for the purposes of this case.[6] See Elansari v. Ragazzo, No. 20-cv-308138, 2021 WL 308138 at *4 (E.D. Pa. Jan. 29, 2021) (dismissing a claim on statute of limitations grounds based on an admission made in the plaintiff's response in opposition to a motion to dismiss). Because Burns' personal investment was made in November 2012, after Venable's involvement in the events that gave rise to this case had ended, the investment cannot serve as damages for any claim against Venable. Moreover, because the

---

[6]     The Ninth Circuit has found that when a "party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859-60 (9th Cir. 1995). Here, Plaintiffs' response in opposition to Venable's Motion to Dismiss does not contest the fact that Burns' personal investment occurred in November of 2012; they merely argue that Burns' purchase of an ownership interest carried with it an assignment of the right to sue on a pre-existing claim. However, the Amended Complaint makes no mention of Burns taking on any pre-existing right to sue in connection with his personal investment, nor does it mention the nature of any pre-existing claim he purported to take on. Moreover, the cases Plaintiffs cite for this assertion are not applicable here: the first, Torrey Pines Logic, Inc. v. Gunwerks, LLC, No. 19-cv-2195, 2020 WL 6321569 (S.D. Cal. Oct. 28, 2020), is a Southern District of California case about the assignment of rights in a patent, and the other, Emmons v. Barton, 109 Cal. 662 (Cal. 1895), is an 1895 Supreme Court of California decision involving an assignee of real property. And finally, even if Burns' investment did carry with it an assignment of the right to sue, such right would presumably be the right to sue on behalf of ESG, which already sued Venable for the harm caused by the same scheme alleged here and settled its claims. In short, Burns has not shown, and cannot show, that his personal investment into ESG serves as damages for any of his claims.

funds taken as part of the alleged scheme were all transferred to Venable (and later Stratos) in 2011, Burns' personal funds could not have been a part of the transaction. For this reason, Burns new allegation of his personal investment into ESG does not correct the errors in the initial complaint.

Second, even if Burns had invested his own funds prior to the start of Defendants' alleged scheme, Burns' attempt to use his own $90,000 investment as the basis for damages of his claims still fails because he cannot bring a derivative claim on behalf of ESG, and he does not have standing to bring a direct claim against Defendants to recover his personal investment. As an investor in ESG, Burns would own limited partner shares. See Am. Compl. ¶ 29, ECF No. 11. On the facts alleged, Burns' potential claims against Defendants would be derivative claims, because the money stolen belonged to the partnership. But Burns cannot bring a derivative claim on behalf of ESG because ESG has already settled and dismissed its claims against Defendants with prejudice. ESG Capital Partners LP v. Stratos, No. 13-cv-01639 (C.D. Cal.), ECF No. 242.

Furthermore, Burns' personal investment into ESG does not give him standing to bring direct claims against Venable because under Pennsylvania law, limited partners cannot bring direct claims when the injury alleged is to the partnership. See Weston v. Northampton Personal Care, Inc., 62 A.3d 947, 957-59 (Pa.

Super. Ct. 2013); Kenworthy v. Hargrove, 855 F. Supp. 101, 107
(E.D. Pa. 1994). The Pennsylvania Superior Court in Weston,
after noting the lack of Pennsylvania case law on the issue of
when a limited partner could pursue a direct claim, followed the
test set forth by the Eastern District of Pennsylvania in
Kenworthy. 6 A.3d at 958. The Kenworthy court found that limited
partners may only sue when the injury is to the partner
directly, and therefore may not sue when the injury is the
indirect result of a harm to the partnership. 855 F. Supp. at
106-07. The Weston court also noted that the test for
partnerships is "similar to that of determining whether a
shareholder's action is direct or derivative in the corporate
context." 62 A.3d at 958. And in the corporate context in
Pennsylvania, "to have standing to sue individually, the
shareholder must allege a direct, personal injury—that is
independent of any injury to the corporation[.]" Hill v. Ofault,
85 A.3d 540, 548 (Pa. Super. Ct. 2014).

Burns' alleged loss of his approximately $90,000 investment
into ESG cannot be brought as a direct claim because it is not
independent of the injury suffered by the partnership. In other
words, under the facts alleged, it was not just Burns' money
that was fraudulently stolen, but the investments of every other
limited partner of ESG. As such, under the test set forth in
Weston, Burns' personal investment into ESG does not give him

standing to bring direct claims against Venable. This alone is sufficient to dismiss all his claims against Venable.[7]

In sum, Plaintiffs have failed to plead recoverable damages for their claims against Venable. Their claims for fraud (Count I), negligent misrepresentation (Count II), breach of fiduciary duty (Count IV), conspiracy (Count V), unfair competition (Count VI), and aiding and abetting (Count VII) will be accordingly dismissed.

---

[7]    Alternatively, Venable argues that all Plaintiffs' claims except unfair competition and breach of contract are barred by the statute of limitations. Pennsylvania applies a two-year statute of limitations for claims of fraud, negligent misrepresentation, breach of fiduciary duty, conspiracy, and aiding and abetting. Pa. Cons. Stat. § 5524(7); Environmental Equip. & Serv. Co. v. Wachovia Bank, N.A., 741 F. Supp. 2d 705, 727 (E.D. Pa. 2010) (citing Ravitch v. Pricewaterhouse, 793 A.2d 939, 941 (Pa. Super. Ct. 2002)) ("[C]ourts examining Pennsylvania law generally apply a two-year statute of limitations on aiding and abetting claims."). Burns filed the present action on December 23, 2013. According to Pennsylvania's discovery rule, the statute of limitations begins to run when the complaining party "knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." Morgan v. Petroleum Prods. Equip. Co., 92 A.3d 823, 828 (Pa. Super. Ct. 2014) (citation omitted).

Based on the facts alleged in the Amended Complaint, Burns clearly knew he had the basis for a claim against Defendants on December 21, 2011, when he emailed Venable threatening legal action. While this is prior to the relevant date of December 23, 2011, it is saved by the "weekend rule," which states that when the statute of limitations would expire on a weekend, the statutory period continues to run until the end of the next weekday. See Fed. R. Civ. P. 6(a)(1)(C). Here, the two-year statute of limitations period, if triggered on December 21, 2011 when Burns threatened legal action, would have run on December 21, 2013, which was a Saturday. As such, under Fed. R. Civ. P. 6(a)(1)(C), the period is extended until the next Monday, December 23, 2013, which is the day Burns first filed. As such, assuming the statutory period began when Burns threatened legal action, his claims are not barred.

All of Venable's arguments that Burns knew or should have known of the basis for his claims prior to December 21, 2011 require factual determinations that are premature at this stage, as nothing in the Amended Complaint conclusively establishes that Burns knew or should have known of the basis of his claims early enough to bar them at this stage. And under Pennsylvania law, the application of the discovery rule is a question for a jury unless no reasonable juror could find otherwise. See Fine v. Checcio, 870 A.2d 850, 858-59 (Pa. 2005).

2.   In Pari Delicto

Venable further argues that all of Plaintiffs' claims,
including Plaintiffs' Count III claim for breach of contract
against Stratos (which otherwise survives the Court's ruling
that all claims against Venable fail plead recoverable damages
under Pennsylvania law), are barred by the doctrine of in pari
delicto because he pled guilty to crimes related to the alleged
scheme.

The doctrine of in pari delicto, under Pennsylvania law, is
"an application of the principle that 'no court will lend its
aid to a man who grounds his action upon an immoral or illegal
act.'" Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick &
Cabot, 458 A.2d 545, 548 (Pa. Super. Ct. 1983) (quoting Fowler
v. Scully, 72 Pa. 456, 467 (1872)). The doctrine prevents a
plaintiff from asserting a claim for damages that were caused in
part by his own illegal or immoral actions. See id. However, a
plaintiff's recovery is not barred by the doctrine of in pari
delicto when his guilt is "far less in degree than that of his
associate in the offense." Id. at 131 (quoting Story Equity
Jurisprudence § 423 (14th ed. 1918)).

Venable's in pari delicto argument is unpersuasive. As an
initial matter, it is likely barred by the doctrine of issue
preclusion because the issue was already litigated in the
related California action, where the Ninth Circuit found the

argument to be without merit. See ESG Capital Partners, LP, 828
F.3d at 1040; see also Burlington Northern R.R. Co. v. Hyundai
Merchant Marine Co., 63 F.3d 1227, 1231-32 (3d Cir. 1995)
(holding that an argument is precluded when the issue argued is
the same as that involved in the prior action, the issue was
actually litigated and actually determined in a valid and final
judgment, and that determination was essential to the prior
judgment).

    And in any event, even if the argument is not precluded, on
the facts before the Court, Burns' guilt in the scheme at issue
here is "far less in degree than that" of Defendants. Feld &
Sons, Inc., 458 A.2d at 548 (citation omitted). In connection
with the $11.2 million allegedly stolen here, Burns misled
investors as to from whom the shares would be purchased and made
misrepresentations in loan applications. He did not actually
participate in the alleged theft of his own investors' funds.
Therefore, at least at this stage, Venable's in pari delicto
argument is unpersuasive.

            3.   Leave to Amend

    Venable finally argues that Plaintiffs should not be
granted leave to amend on any of the six claims against it
because amendment would be futile. The Court agrees. Plaintiffs
have already been afforded an opportunity to correct the errors

in the initial Complaint and have failed to do so; in fact, they have restated the original complaint almost in toto.

### C.   Stratos' Motions to Dismiss

Plaintiffs have failed to state claims for fraud (Count I), conspiracy (Count V), and unfair competition (Count VI) against Stratos for the same reasons they failed to state a claims against Venable. As such, Stratos' substantive motion to dismiss (ECF No. 121) will be granted as to these counts. However, Stratos' motion does not articulate any valid reason why Plaintiffs' breach of contract claim against him (Count III) should be dismissed, so the motion will be denied as to that claim.

Stratos' second motion (ECF No. 124), though construed as a motion to dismiss on the docket, merely lists documents of which he requests the Court take judicial notice. This "motion" will be denied as moot.

### V.   CONCLUSION

In conclusion, Plaintiffs have failed to rectify the errors with the original complaint, and the Court will again grant Venable's motion to dismiss and dismiss Plaintiffs' claims for fraud (Count I), negligent misrepresentation (Count II), breach of fiduciary duty (Count IV), conspiracy (Count V), unfair competition (Count VI), and aiding and abetting (Count VII) with prejudice.

For the same reasons, Stratos' motion to dismiss will be granted as to Plaintiffs' claims for fraud (Count I), conspiracy (Count V), and unfair competition (Count VI). Stratos' motion will be denied as to Plaintiffs' claim for breach of contract (Count III), which is the sole claim that survives.

An appropriate order follows.